1

2

3

4

5

6                    UNITED STATES DISTRICT COURT

7                  EASTERN DISTRICT OF CALIFORNIA

8

9   UNITED STATES OF AMERICA,        )   1:08-cv-0987 OWW DLB
                                     )
10                  Plaintiff,       )   SCHEDULING CONFERENCE ORDER
                                     )
11      v.                           )   Discovery Cut-Off: 10/19/09
                                     )
12  APPROXIMATELY $19,608.00 IN U.S. )   Non-Dispositive Motion
    CURRENCY,                        )   Filing Deadline: 10/7/09
13                                   )
                    Defendant.       )   Dispositive Motion Filing
14                                   )   Deadline: 11/6/09
    _____ )
15                                       Settlement Conference Date:
                                         10/22/09 10:00 Ctrm. 9
16
                                         Pre-Trial Conference Date:
17                                       1/18/10 11:00 Ctrm. 3

18                                       Trial Date: 3/2/10 9:00
                                         Ctrm. 3 (CT-2 days)
19

20

21  I.    Date of Scheduling Conference.

22        October 22, 2008.

23  II.   Appearances Of Counsel.

24        Stephanie Hamilton Borchers, Esq., Assistant U.S. Attorney,

25  appeared on behalf of Plaintiff.

26        Rosario Gutierrez, Claimant, appeared in pro se.

27        Maria Gutierrez, Claimant, personally appeared.

28        Sergio Guzman, Claimant, personally appeared.

                                 1

III.   Summary of Pleadings.

1.    This is an *in rem* civil forfeiture action.  In its Verified Complaint for Forfeiture *In Rem*, the government alleges that the approximately $19,608.00 in U.S. Currency (hereafter "Defendant currency") constitutes money furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical, all proceeds traceable to such an exchange and/or was used or intended to be used to facilitate one or more violations of 21 U.S.C. § 841 *et seq.*, and are therefore subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6).

2.    The Defendant currency was seized from Rosario Gutierrez's person and residence on March 10, 2008.

3.    On July 22, 2008, the Defendant currency was arrested pursuant to the Warrant Act for Arrest of Articles *In Rem* issued by the Clerk of the Court.  The action was published on August 15, 22, 29, and September 5, 2008, in the *Merced Sun-Star* (Merced County) pursuant to the order of Publication filed July 17, 2008.

4.    On or about August 7, 2008, a copy of the Complaint, Application and Order for Publication, Warrant for Arrest, Order Setting Mandatory Scheduling Conference, Standing Order, Notice of Availability of Magistrate Judge, Notice of Availability of Voluntary Dispute Resolution, and letter dated July 15, 2008, was served on Rosario Gutierrez.  On August 20, 2008, Rosario Gutierrez filed his Answer and on August 25, 2008, filed his Claim of Interest.

5.    On or about August 7, 2008, Maria Gutierrez was personally served with the above-listed documents.  To date,

2

1   Maria Gutierrez has not filed a claim or answer in this case.

2       6.   On or about August 7, 2008, Sergio Guzman was

3   personally served with the above-listed documents.  To date,

4   Sergio Guzman has not filed a claim or answer in this case.

5       7.   On or about August 7, 2008, Veneranda Benavides was

6   personally served with the above-listed documents.  To date,

7   Veneranda Benavides has not filed a claim or answer in this case.

8       8.   On or about August 7, 2008, the above-listed documents

9   were served on Veneranda Benavides, the wife of Gilbert

10  Benavides, a person of suitable age and discretion, residing in

11  Gilbert Benavides' usual place of abode.  On or about September

12  30, 2008, the above-listed documents were subsequently sent by

13  certified mail number 7005-1820-0007-4727-4709 to Gilbert

14  Benavides at 164 S Street in Merced, California.  The certified

15  return receipt card has not yet been returned.

16      9.   As of the date of the filing of this report, no other

17  potential claimants have filed claims or answers or otherwise

18  appeared in this action.

19  IV.  Orders Re Amendments To Pleadings.

20      1.   The parties do not presently contemplate amending the

21  pleadings.

22  V.   Factual Summary.

23      A.   Admitted Facts Which Are Deemed Proven Without Further

24  Proceedings.

25          1.   It is uncontested that a state search warrant was

26  executed at 1159 W. 11th Street and that the Defendant currency

27  was seized by law enforcement on March 10, 2008.

28  ///

B.   Contested Facts.

1.   Plaintiff contends the facts are as alleged in its Verified Complaint.

2.   Claimant Rosario Gutierrez contends that the money seized has nothing to do with, and are not, proceeds from any illegal activity.   The money seized was lawfully obtained by Mr. Gutierrez and lawfully possessed by Mr. Gutierrez.

VI.   Legal Issues.

A.   Uncontested.

1.   Jurisdiction exists under 28 U.S.C. §§ 1345 and 1355, and 21 U.S.C. § 881.

2.   Venue is proper under 28 U.S.C. § 1395.

B.   Contested.

1.   All remaining legal issues are contested.

VII. Consent to Magistrate Judge Jurisdiction.

1.   The parties have not consented to transfer the case to the Magistrate Judge for all purposes, including trial.

VIII.   Corporate Identification Statement.

1.   Any nongovernmental corporate party to any action in this court shall file a statement identifying all its parent corporations and listing any entity that owns 10% or more of the party's equity securities.   A party shall file the statement with its initial pleading filed in this court and shall supplement the statement within a reasonable time of any change in the information.

IX.   Discovery Plan and Cut-Off Date.

1.   Due to the nature of this case (civil forfeiture), initial disclosures are not necessary or appropriate.

1          2.   Plaintiff will focus discovery on identifying the

2  source of the Defendant currency.

3          3.   The parties agree that non-retained percipient witness

4  experts, such as law enforcement officers, need to be disclosed

5  as experts, or expert reports produced, under FRCP Rule 26(a)(2)

6  only to the extent they will be called on to present expert

7  testimony beyond their involvement as percipient witnesses in

8  this case and agree that any expert "retained or specially

9  employed" by either party shall be disclosed, and a report

10  produced, in accordance with FRCP Rule 26(a)(2)(B).   The parties

11  agree that, to the extent that drug evidence seized has been, or

12  will be, examined by an employee of any state, local, or federal

13  agency, that production of the laboratory analysis, in the usual

14  format provided to criminal Defendants, will satisfy the

15  requirement of the production of a "report" under FRCP Rule

16  26(a)(2)(B).

17          4.   The parties are ordered to complete all non-expert

18  discovery on or before June 19, 2009.

19          5.   The parties are directed to disclose all expert

20  witnesses, in writing, on or before September 18, 2009.   The

21  parties will comply with the provisions of Federal Rule of Civil

22  Procedure 26(a)(2) regarding their expert designations.   Local

23  Rule 16-240(a) notwithstanding, the written designation of

24  experts shall be made pursuant to F. R. Civ. P. Rule 26(a)(2),

25  (A) and (B) and shall include all information required

26  thereunder.   Failure to designate experts in compliance with this

27  order may result in the Court excluding the testimony or other

28  evidence offered through such experts that are not disclosed

1  pursuant to this order.

2      6.   The parties are ordered to complete all discovery,
3  including experts, on or before October 19, 2009.

4      7.   The provisions of F. R. Civ. P. 26(b)(4) shall
5  apply to all discovery relating to experts and their opinions.
6  Experts may be fully prepared to be examined on all subjects and
7  opinions included in the designation.  Failure to comply will
8  result in the imposition of sanctions.

9  X.   Pre-Trial Motion Schedule.

10     1.   All Non-Dispositive Pre-Trial Motions, including any
11 discovery motions, will be filed on or before October 7, 2009,
12 and heard on November 13, 2009, at 9:00 a.m. before Magistrate
13 Judge Dennis L. Beck in Courtroom 9.

14     2.   In scheduling such motions, the Magistrate
15 Judge may grant applications for an order shortening time
16 pursuant to Local Rule 142(d).  However, if counsel does not
17 obtain an order shortening time, the notice of motion must comply
18 with Local Rule 251.

19     3.   All Dispositive Pre-Trial Motions are to be
20 filed no later than November 6, 2009, and will be heard on
21 December 14, 2009, at 10:00 a.m. before the Honorable Oliver W.
22 Wanger, United States District Judge, in Courtroom 3, 7th Floor.
23 In scheduling such motions, counsel shall comply with Local Rule
24 230.

25 XI.  Pre-Trial Conference Date.

26     1.   January 19, 2010, at 11:00 a.m. in Courtroom 3, 7th
27 Floor, before the Honorable Oliver W. Wanger, United States
28 District Judge.

1      2.    The parties are ordered to file a Joint Pre-

2  Trial Statement pursuant to Local Rule 281(a)(2).

3      3.    Counsel's attention is directed to Rules 281

4  and 282 of the Local Rules of Practice for the Eastern District

5  of California, as to the obligations of counsel in preparing for

6  the pre-trial conference.  The Court will insist upon strict

7  compliance with those rules.

8  XII. Motions - Hard Copy.

9      1.    The parties shall submit one (1) courtesy paper copy to

10  the Court of any motions filed that exceed ten pages and any

11  motions that have exhibits attached.  Exhibits shall be marked

12  with <u>protruding numbered or lettered tabs</u> so that the Court can

13  easily identify such exhibits.

14  XIII.  Trial Date.

15      1.    March 2, 2010, at the hour of 9:00 a.m. in Courtroom 3,

16  7th Floor, before the Honorable Oliver W. Wanger, United States

17  District Judge.

18      2.    This is a non-jury trial.

19      3.    Counsels' Estimate Of Trial Time:

20          a.    2 days.

21      4.    Counsels' attention is directed to Local Rules

22  of Practice for the Eastern District of California, Rule 285.

23  XIV. Settlement Conference.

24      1.    A Settlement Conference is scheduled for October 22,

25  2009, at 10:00 a.m. in Courtroom 9 before the Honorable Dennis L.

26  Beck, United States Magistrate Judge.  If the parties wish an

27  earlier Settlement Conference, they can notify the Court.

28      2.    Unless otherwise permitted in advance by the

1   Court, the attorneys who will try the case shall appear at the
2   Settlement Conference with the parties and the person or persons
3   having full authority to negotiate and settle the case on any
4   terms at the conference.

5        3.   Permission for a party [not attorney] to attend
6   by telephone may be granted upon request, by letter, with a copy
7   to the other parties, if the party [not attorney] lives and works
8   outside the Eastern District of California, and attendance in
9   person would constitute a hardship.  If telephone attendance is
10  allowed, the party must be immediately available throughout the
11  conference until excused regardless of time zone differences.
12  Any other special arrangements desired in cases where settlement
13  authority rests with a governing body, shall also be proposed in
14  advance by letter copied to all other parties.

15       4.   Confidential Settlement Conference Statement.
16  At least five (5) days prior to the Settlement Conference the
17  parties shall submit, directly to the Magistrate Judge's
18  chambers, a confidential settlement conference statement.  The
19  statement should not be filed with the Clerk of the Court nor
20  served on any other party.  Each statement shall be clearly
21  marked "confidential" with the date and time of the Settlement
22  Conference indicated prominently thereon.  Counsel are urged to
23  request the return of their statements if settlement is not
24  achieved and if such a request is not made the Court will dispose
25  of the statement.

26       5.   The Confidential Settlement Conference
27  Statement shall include the following:

28            a.   A brief statement of the facts of the

8

1   case.

2       b.   A brief statement of the claims and
3   defenses, i.e., statutory or other grounds upon which the claims
4   are founded; a forthright evaluation of the parties' likelihood
5   of prevailing on the claims and defenses; and a description of
6   the major issues in dispute.

7       c.   A summary of the proceedings to date.

8       d.   An estimate of the cost and time to be
9   expended for further discovery, pre-trial and trial.

10      e.   The relief sought.

11      f.   The parties' position on settlement,
12  including present demands and offers and a history of past
13  settlement discussions, offers and demands.

14  XV.  Request For Bifurcation, Appointment Of Special Master,
15  Or Other Techniques To Shorten Trial.

16      1.   None.

17  XVI. Related Matters Pending.

18      1.   There are no related matters.

19  XVII.    Compliance With Federal Procedure.

20      1.   The Court requires compliance with the Federal
21  Rules of Civil Procedure and the Local Rules of Practice for the
22  Eastern District of California.  To aid the court in the
23  efficient administration of this case, all counsel are directed
24  to familiarize themselves with the Federal Rules of Civil
25  Procedure and the Local Rules of Practice of the Eastern District
26  of California, and keep abreast of any amendments thereto.

27  XVIII.   Effect Of This Order.

28      1.   The foregoing order represents the best

9

estimate of the court and counsel as to the agenda most suitable to bring this case to resolution.  The trial date reserved is specifically reserved for this case.  If the parties determine at any time that the schedule outlined in this order cannot be met, counsel are ordered to notify the court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent scheduling conference.

2.   Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested.

3.   Failure to comply with this order may result in the imposition of sanctions.

IT IS SO ORDERED.

**Dated:**    **October 22, 2008**              **/s/ Oliver W. Wanger**
                                                UNITED STATES DISTRICT JUDGE